**Madge SCHULTZ, Plaintiff-Appellant,**

v.

**Wayland SCHULTZ, Defendant-Appellee.**

**No. 18507.**

United States Court of Appeals, Seventh Circuit.

Jan. 12, 1971.

Albert Koretzky and Irving Bronstein, Chicago, Ill., for plaintiff-appellant.

Ray T. McCann, Milwaukee, Wis., appearing specially for the defendant-appellee; John T. McCann, Milwaukee, Wis., of counsel.

Before MAJOR and HASTINGS, Senior Circuit Judges, and KILEY, Circuit Judge.

MAJOR, Senior Circuit Judge.

Plaintiff commenced an action against defendant in the County Court of Sheboygan County, Wisconsin, for a divorce, custody of their minor children, a settlement of their property rights and other relief. In that proceeding defendant was represented by attorney Paul Axel. On June 5, 1968, plaintiff obtained an interlocutory judgment of divorce, with a provision that the division of the estate of the parties be made at such later time as might be requested by plaintiff or her counsel. Plaintiff was given permission to sell real and personal property of defendant to satisfy any encumbrances. She was also awarded custody of three minor children, with the matter of support and alimony left to the further order of the court. The state court, so far as the record discloses, retains jurisdiction of the parties and the subject matter.

On January 18, 1968, during the pendency of the state court action, defendant granted to Axel in broad and sweeping terms and with great particularity a power of attorney which authorized Axel to control and manage defendant's property. As stated in plaintiff's brief, he was given the power "generally to do and perform all matters and things, transact all business, make and execute and acknowledge all contracts * * * and all other writing, assurances and instruments of every kind, which may be requisite or proper to effectuate all or any of the premises, or any other matter or thing appertaining or belonging to me [defendant], with the same powers, and to all intents and purposes, with the same validity as I could, if personally present (giving and granting unto my said attorney, full power to substitute one or more attorneys under him, my said attorney, in or concerning the premises, or any part thereof, and the same at his pleasure to revoke); and hereby ratifying and confirming whatsoever my said attorney (or, his substitute or substitutes) shall and may do, by virtue hereof, in the premises."

Plaintiff commenced the instant action on January 26, 1970, by filing in the United States District Court a complaint consisting of three counts. In substance she alleged that property acquired during their marriage was through their joint efforts and constituted an equitable partnership, that defendant sold certain property and left the state with over $100,000, for the purpose of defrauding her; that defendant removed the minor children from the state to some "unknown place," for which she sought a monetary award for mental suffering, and that defendant committed an assault upon her about September 15, 1966, for which she sought damages. She also requested a judgment declaring that all property acquired by the parties during the course of their marriage, as well as that allegedly fraudulently conveyed by defendant,

be declared assets of a partnership; that she be awarded all of the remaining assets owned by defendant; that the power of attorney given to Axel be declared fraudulent and void except to the extent necessary for him to convey defendant's property to plaintiff, and that he be required to use his power of attorney for that purpose.

On February 20, 1970, Axel entered his special appearance for the purpose of moving the court to dismiss the action on the grounds of (a) the insufficiency of the service of process, (b) lack of jurisdiction of the federal court over the person of defendant, (c) lack of jurisdiction over the subject matter, and (d) lack of diversity of citizenship.

In her original complaint plaintiff alleged that the "defendant is a citizen of the United States of America residing outside of the State of Wisconsin." Evidently this was not a sufficient allegation of diversity as on March 6, 1970 she obtained leave to amend her complaint by alleging, "defendant is a citizen of the State of Florida." In each count of her complaint plaintiff alleges that defendant "has appointed Paul L. Axel as his agent authorized to receive service of process." The Marshal's return shows that defendant was served on January 27, 1970, by service of the summons and complaint on Axel "who has a power of attorney for Wayland Schultz."

The court in its order entered April 23, 1970, from which this appeal comes, stated:

"The above cause having come on to be heard on the motion to dismiss the above-entitled action because of want of jurisdiction over the person of the defendant; and it appearing to the Court that it lacks jurisdiction over the person of the defendant,

"IT IS ORDERED, That the motion to dismiss is hereby granted and this action is dismissed without costs to either party and without prejudice."

Axel in the course of the proceedings filed an affidavit in which he admitted that he was the attorney for defendant in the divorce action pending in the state court but that he was unaware of the whereabouts of defendant since the commencement of the action in the federal court and, therefore, had never informed him or caused him to be informed of the federal action.

Federal Rule of Civil Procedure 4(d) provides numerous ways in which service of process upon an individual may be made, including, "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process." Admittedly, Axel was not authorized by law to receive such service, and it is not claimed that he had actual authority by appointment. Plaintiff argues, however, that he had authority by implication to accept service, arising from the fact that he was defendant's attorney in the state court action with a broad power of attorney to act on behalf of defendant.

Indulging in the dubious assumption that such authority may be implied in some situations, we think there is no reasonable basis to do so in the instant case. The fact that the power of attorney at such length and great particularity enumerated the matters entrusted to Axel's care, item by item, without designating him as an agent authorized to accept service, dispels any idea that it was so intended. Moreover, it is a far-fetched notion that when the power of attorney was executed on January 18, 1968, during the pendency of the state court action, Axel was given authority to accept service of process in another action not commenced until January 26, 1970, and in another court.

' 2 Moore's Federal Practice (2d ed.) Sec. 4.12 states:

"The phrase 'an agent authorized by *appointment* to receive service of process' is intended to cover the situation where an individual actually appoints an agent for that purpose." (Italics supplied.)

Of the many cases called to our attention, both state and federal, we first consider National Equipment Rental,

Ltd. v. Szukhent et al., 375 U.S. 311, 84 S.Ct. 411, 11 L.Ed.2d 354, which involved Rule 4(d) as it related to an agent authorized by appointment to receive service of process. While we do not regard the case as conclusive, the reasoning of the court is pertinent. In the first place, the case was decided on federal rather than on local law. As the court stated (page 316, 84 S.Ct. page 414), "We deal here with a Federal Rule, applicable to federal courts in all 50 States."

Defendants, residents of Michigan, obtained farm equipment in Michigan on a lease from plaintiff doing business in New York. Claiming default, plaintiff sued for payments under the lease in a New York District Court. The Marshal delivered two copies of the summons and complaint to one Florence Weinberg as agent designated in the lease for the purpose of accepting process for defendants in the state of New York. The defendants were not personally acquainted with the agent. The copies were promptly mailed by Weinberg to defendants, with a covering letter stating that she had accepted service of process as the defendants' agent pursuant to the terms of the lease. Nothing in the lease required notice to defendants. Plaintiff also promptly notified defendants by mail of the reported service of process. The District Court held the service invalid and quashed it for the reason that the lease contained no provision which required notice to defendants. The Court of Appeals affirmed, 2 Cir., 311 F.2d 79. The Supreme Court reversed.

The issue as stated by the Supreme Court (375 U.S. page 315, 84 S.Ct. page 414) was "whether a party to a private contract may appoint an agent to receive service of process within the meaning of Federal Rule of Civil Procedure 4(d) (1), where the agent is not personally known to the party, and where the agent has not expressly undertaken to transmit notice to the party." The court sustained the service on the basis that the agent promptly mailed the summons and complaint to the defendants, together with a letter stating that the documents had been served upon her as defendants' agent for the purpose of accepting service of process in New York, in accordance with the agreement contained in the lease. The court (page 315, 84 S.Ct. 411) distinguished its previous decisions on the ground that in those cases "there was no actual notice" to the defendants.

The court concluded its opinion (page 318, 84 S.Ct. page 415):

"A different case would be presented if Florence Weinberg had not given prompt notice to the respondents, for then the claim might well be made that her failure to do so had operated to invalidate the agency. We hold only that, prompt notice to the respondents having been given, Florence Weinberg was their 'agent authorized by appointment' to receive process within the meaning of Federal Rule of Civil Procedure 4(d) (1)."

We recognize that the instant case presents a different factual situation but, even so, the facts are less favorable to plaintiff than they were in *Szukhent*. In that case defendants by the terms of a lease had expressly authorized the agent to accept process, which was done, and notice of such service was promptly given to defendants. In the instant case, there was no actual appointment of an agent, if any existed it was by implication, and no notice of such service was given to defendant as his whereabouts were unknown.

In Schwarz v. Thomas, 95 U.S.App. D.C. 365, 222 F.2d 305, the plaintiff, as in the instant case, served an attorney who was representing the defendant in an unrelated action. The attorney signed the process, "Accepted Service on Behalf of the Within named Defendant, Frances Wood Thomas * * *." After the entry of a default judgment, the defendant submitted an affidavit to the court stating that she had never authorized her attorney to accept process on her behalf. The court vacated the default judgment and held that the attorney's admission of service could not

be used to show that he was an agent authorized to accept service of process pursuant to Federal Rule of Civil Procedure 4(d) (1).

In Nelson v. Swift, 106 U.S.App.D.C. 238, 271 F.2d 504, the plaintiff alleged that she was injured in a fire while a tenant in a building owned by the defendant. Process was served on the defendant's agent, who was authorized to manage and maintain the building and to collect rents. The court held that the manager was not an agent authorized by appointment or by law to accept service of process even though the action arose out of the subject matter of his agency.

In Stone v. Bank of Commerce, 174 U.S. 412, 421, 19 S.Ct. 747, 43 L.Ed. 128, the court held that an attorney, in his capacity as such, had no power to make any agreement for his client before a suit had been commenced, or before he had been retained to commence one. Under such circumstances, if he assumed to act for his principal, it must have been as agent and he must have had actual authority. See also Christensson v. Hogdal et al., 91 U.S.App.D.C. 251, 199 F. 2d 402 and WICA, Inc. v. WWSW, Inc., 89 U.S.App.D.C. 308, 191 F.2d 502.

 Thus, the fact that Axel was defendant's attorney in an unrelated action furnishes no basis for the validation of the service of process on him as such. The question remains as to whether he was defendant's agent, authorized by appointment to receive service of process in the instant case. We hold that he was not.

The federal decisions appear to be consistent with those of the Wisconsin Supreme Court. In Punke v. Brody, 17 Wis.2d 9, 115 N.W.2d 601, the court held that an agent who had broad powers to manage defendant's property and who was empowered to commence actions on behalf of the defendant did not thereby become the defendant's agent for the receipt of process, even in a suit arising directly out of the subject matter of the agency. In Howard v. Preston, 30 Wis. 2d 663, 142 N.W.2d 178, the court held

that service might be made only upon an agent who had been actually appointed to receive process and might not be made on an agent who was alleged to have implied authority to accept service.

Plaintiff cites but two cases in support of her contention that Axel was authorized to accept service of process. United States v. Balanovski, 236 F.2d 298 (CA 2), and United States v. Davis, 38 F.R.D. 424 (D.C.N.Y.).

*Balanovski* began as an *in rem* action to foreclose tax liens on the property of a partnership of which the two defendants, Argentina citizens, were the sole owners. One of the partners spent several months in the United States arranging the transactions which resulted in the profits upon which the tax assessment was based, the other remained in Argentina. Before departing from this country, Balanovski left a power of attorney with his secretary, giving her broad powers to manage the partnership affairs. She filed an income tax return on his behalf. The government served defendants in the *in rem* action in Argentina and also served the secretary in the United States. The court held that it obtained personal jurisdiction over the defendants when they appeared and defended the *in rem* action on the merits. After thus deciding it had jurisdiction, the court went on to state by way of dictum that it seemed "probable" that under Rule 4(d) (1), jurisdiction was acquired over the two partners by service of process on their agent. The court appears to have deemed service upon the partnership equivalent to service on the individual partners, one of whom had never been in the United States and had never granted the secretary a power of attorney. If the service was valid, it must have been on the partnership under Rule 4(d) (3), and not on the individuals as provided for in Rule 4(d) (1). In any event the statement of the court was dictum and we think is of little, if any, benefit to plaintiff in the instant case.

In United States v. Davis, the District Court of the same Circuit followed the

dicta in *Balanovski* in what it considered a "similar tax situation." In *Davis,* the defendants were Mexican residents and service was made on their attorney who had a power of attorney to represent them in the particular tax problems upon which the complaint was based. The power of attorney authorized him to appear before all boards of the Internal Revenue Service, all tax courts and all federal courts, and " * * * to do all things that are necessary in defending * * * [them] before all tax bodies and courts." The court pointed out that the defendants had in fact received actual notice of the pendency of the proceedings. In contrast, in the instant matter defendant received no notice of the federal court action inasmuch as his whereabouts were not known.

█ As already shown, Axel, on February 5, 1970, appearing specially and "for the purpose of this motion only," filed a motion to quash the alleged service of process on the defendant. Plaintiff appears to argue that because of this special appearance by Axel he was presumed to have implied authority to represent the defendant in the federal action. No case is cited which supports this argument. Cases are cited which hold that an attorney who appears on behalf of a defendant after the latter has been properly served with process has implied authority as to the manner and mode of conducting the litigation. It is obvious, we think, that such implied authority cannot be enlarged into a power to accept service of process before the action is commenced and the defendant is served. At the time Axel filed his motion to dismiss, the complaint showed on its face that the court did not have diversity jurisdiction as it was only some time later that plaintiff amended her complaint to show diversity. We think there is no merit in this point.

█ Plaintiff also argues that the court erred in not requiring Axel to respond to plaintiff's motion to take his deposition "to explore any possible jurisdictional questions that may require a factual determination of the relationship between the defendant and the said Paul L. Axel." At the hearing, the court had before it the complaint, the power of attorney attached thereto, the motion to dismiss for lack of jurisdiction and the motion for an order to take Axel's deposition. The court advised the parties to submit briefs on such issues as they desired. Plaintiff argued in her brief that the power of attorney showed on its face that Axel was defendant's agent for the receipt of process. No reference was made to the deposition motion, and neither was the court requested to postpone the hearing until the deposition could be taken. Even if there is any merit in the point, which we doubt, we think it was waived.

We agree with the District Court that the alleged service of process on defendant was insufficient in law to give the court personal jurisdiction over him and that the complaint was properly dismissed for that reason.

The order appealed from is affirmed.