Evelyn DANDREA, Appellant,

v.

**MALSBARY MANUFACTURING COMPANY.**

No. 87–3319.

United States Court of Appeals, Third Circuit.

Argued Oct. 26, 1987.

Decided Feb. 12, 1988.

---

Conrad A. Johnson (argued), Law Offices of Byrd R. Brown, Pittsburgh, Pa., for appellant.

Timothy P. Reilly (argued), Taft, Stettinius & Hollister, Cincinnati, Ohio, for appellee.

Before: HIGGINBOTHAM, HUTCHINSON and SCIRICA, Circuit Judges.

OPINION OF THE COURT

A. LEON HIGGINBOTHAM, Jr., Circuit Judge.

Evelyn Dandrea appeals from the district court's decision denying her request to amend her complaint under Fed.R.Civ.P. 15(a) and granting appellee's motion to dismiss under Fed.R.Civ.P. 12(b)(2) (lack of personal jurisdiction), 12(b)(4) (insufficiency of process) and 12(b)(5) (insufficiency of service). Appellee Malsbary Manufacturing Company ("Malsbary"), now called Koppenhafer Corporation, is Dandrea's former employer. Dandrea claims that Malsbary terminated her employment in willful violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–34 (1982 & Supp. II 1984 & Supp. III 1985) and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–219 (1982 & Supp. III 1985). Dandrea sued Malsbary under its former, not its current, name. The district court held that any amendment of the complaint changing the name of the defendant would not relate back under Fed. R.Civ.P. 15(c) to the date of Dandrea's original complaint. The district court based this holding on its conclusion that Malsbary did not receive notice of the action within the period provided by law for its commencement. We conclude that because the proposed amendment to Dandrea's complaint would not change a party to this action, Dandrea's amendment relates back under Rule 15(c) to the institution of this action. Accordingly, we will reverse the district court's decision dismissing Dandrea's action and denying leave to amend her complaint, and remand this matter for further proceedings.

I.

The underlying facts, insofar as they relate to the dismissal motion, are not contested by the parties. Evelyn Dandrea was sixty-one when Malsbary discharged her on June 17, 1983. She worked for the company for more than nineteen years in various clerical positions. Dandrea, contending that Malsbary retained one or more younger employees in her stead, filed an age discrimination charge with the Equal Opportunity Employment Commission ("EEOC") on December 19, 1983, naming Malsbary as the prospective defendant. Malsbary filed a response denying Dandrea's charge. The EEOC, after issuing a probable cause finding, entered into conciliation negotiations with Malsbary. On April 25, 1986, the EEOC stated by letter that its efforts at conciliation had been unsuccessful, that further conciliation would not be attempted, and that the EEOC would not institute a lawsuit.

On October 4, 1985, seven months before the EEOC's letter, Malsbary, a wholly owned subsidiary of Carlisle Corporation, changed its name to Koppenhafer Corporation. Malsbary's application to change its name was granted by the State of Delaware on October 4, 1985, and an amended certificate of authority was issued by the Commonwealth of Pennsylvania on October 7, 1985, authorizing Malsbary to do business in Pennsylvania under the name of Koppenhafer Corporation. Also on Octo-

ber 4, 1985, Malsbary sold its assets to Mintex International Corporation ("Mintex"). Mintex has continued to operate the Uniontown, Pennsylvania facility where Dandrea worked. It uses the name "Malsbary" in business dealings. There exists no corporation or legal entity currently known as "Malsbary Manufacturing Company."

On June 12, 1986, five days prior to the end of the three-year limitations period.[1] Dandrea filed a complaint in the district court alleging violations of both the ADEA and FLSA. The complaint named Malsbary Manufacturing Company as the defendant. That same day, Dandrea's attorney sent a copy of the summons and complaint by regular mail to the Lincoln, Nebraska attorney who represented Malsbary in the EEOC proceedings. On June 18, 1986, the day after the ADEA's three-year statute of limitations had run, the Nebraska attorney returned the documents with a letter stating that his firm no longer represented Malsbary Manufacturing Company.[2] On July 30, 1986, Dandrea's counsel served Malsbary by certified mail. Counsel for Malsbary accepted service by signing the notice and acknowledgment of receipt of the summons and complaint on August 15, 1986, which Dandrea filed in timely fashion with the district court on August 28, 1986. Service thus occurred within the Fed.R.

Civ.P. 4(j) 120 day limit for service of a defendant in a federal action. *See generally Green v. Humphrey Elevator*, 816 F.2d 877 (3d Cir.1987).

On September 3, 1986, Malsbary filed its motion urging dismissal under Fed.R.Civ.P. 12(b)(2), 12(b)(4), and 12(b)(5). It argued that there is no corporation known as Malsbary Manufacturing Company, that the district court could not have personal jurisdiction over a non-existent defendant, and that there could not be sufficient service of process with respect to a non-existent defendant. Dandrea replied that the corporation known as Malsbary Manufacturing Company had not ceased to exist but continued to do business, having changed its name to Koppenhafer Corporation. She also sought to amend her complaint to include Malsbary's new name.[3]

The district court found that the corporation named as the defendant did not exist, having changed its name from Malsbary Manufacturing Company to Koppenhafer Corporation, and concluded that it therefore had no jurisdiction over the defendant. The district court also ruled that it could not permit Dandrea to file an amended complaint including the corporation's new name. Such an amendment, the district court held, would be barred by the three-year statute of limitations for age discrimination actions, and would not, under Rule

1. The ADEA, 29 U.S.C. § 626(e) (1982), and the FLSA, 29 U.S.C. § 216(c) (1982), incorporate by reference the statute of limitations specified in the Portal-to-Portal Act of 1947, which provides a three-year limitations period in cases of "willful" violations. 29 U.S.C. § 255(a) (1982); *see generally Brock v. Richland Shoe Co.*, 799 F.2d 80 (3d Cir.1986), *cert. granted*, — U.S. —, 108 S.Ct. 63, 98 L.Ed.2d 27 (1987), *to be argued* Feb. 24, 1988, 56 U.S.L.W. 3492 (U.S. Jan. 19, 1988).

2. The letter, attached as an exhibit to Dandrea's Brief in Opposition to Malsbary's Motion to Dismiss, is dated June 18, 1986, and states:
   RE: Evelyn Dandrea vs. Malsbary
   Manufacturing Company,
   Western District of Pennsylvania
   No. 86–1248
   Dear Mr. Johnson:
   I just received your June 12, 1986, epistle, along with the enclosures. I am returning the enclosures, unsigned, undated, and unacknowledged.

We do not represent Malsbary Manufacturing Company, and have not represented it since well before it changed owners. For all I know, Malsbary Manufacturing Company no longer even exists. If it does, however, and it is doing business in the State of Pennsylvania, I suggest you attempt service at its place of business in Uniontown or upon its designated agent for service of process.
   Thank you very much,
   TATE AND ALDEN LAW FIRM, P.C.
   /s/ Michael Alden
   Michael Alden
Joint Appendix at 7a.1.

3. The district court noted that Malsbary acknowledges that an amendment to the complaint, if permitted under Rule 15(c), would cure the deficiencies of which Malsbary complains in its motion. *See Dandrea v. Malsbary Mfg. Co.*, Civil No. 86–1248, slip op. at 4 (W.D.Pa. Apr. 8, 1987) [Available on WESTLAW, 1987 WL 16555].

15(c) and the Supreme Court's decision in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), relate back to the date of Dandrea's original pleading because the defendant corporation did not receive notice of the institution of Dandrea's action until after the statute of limitations had run.

On appeal, Dandrea argues that the district court erred in its conclusion that Malsbary had ceased to exist, rather than merely having changed its name. She maintains that an amendment adding the defendant's new name would not change a party within the meaning of Rule 15(c), and that *Schiavone* is inapposite. Dandrea also argues that Malsbary is estopped from objecting to the amendment because Malsbary actively misled her by failing to notify her that it was changing its name. Malsbary argues in response that any amendment to Dandrea's complaint is precluded both by Rule 15(c) on its face and by *Schiavone.* Estoppel is inappropriate, Malsbary contends, because it was not obligated to inform Dandrea of its decision to change its name. We will address these arguments in turn. Our standard of review of the district court's decision to grant Malsbary's dismissal motion is plenary. With regard to its decision to deny Dandrea leave to amend her complaint under Rule 15(a), based on its conclusion that the amendment would not relate back under Rule 15(c), our standard of review is whether the district court abused its discretion.

## II.

Rule 15(c) ("Relation Back of Amendments") provides that,

> [w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment *changing the party* against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his [or her] defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Fed.R.Civ.P. 15(c) (emphasis added). The essence of the dispute here is whether Dandrea, by amending her complaint, would be "changing the party" against whom her claim is asserted. If she would be, the conditions enumerated in the second sentence of Rule 15(c) must be met in order for the amendment to relate back. On the other hand, if Dandrea by amending her complaint would not be changing a party under the rule, and if the claim made in her proposed amended complaint arose out of the conduct, transaction or occurrence set forth in her original pleading, then under the first sentence of Rule 15(c) the amendment would relate back to the date of the original pleading, June 12, 1986. The district court accepted Malsbary's argument that, because it changed its name to Koppenhafer Corporation, Malsbary was a nonexistent entity at the time Dandrea filed her complaint and, therefore, that by amending her complaint Dandrea would be "changing the party against whom a claim is asserted" under Fed.R.Civ.P. 15(c).

We do not accept these characterizations of the defendant's status or the plaintiff's action. "The choice ... is between recognizing or ignoring what the Rule provides in plain language. We accept the rule as meaning what it says." *Schiavone,* 106 S.Ct. at 2385. The corporation that terminated Dandrea is the same corporation that was sued. The corporation was never a non-existent entity; it was a party called by its former name when it had taken a different name. Dandrea is not asking to change the corporation, or the entity, or the party against whom she is making her claim; she is proposing to amend a complaint against a single party to include that same party's current name. We therefore hold that Rule 15(c) on its face permits

Dandrea's amendment.[4]

### III.

*Schiavone,* 106 S.Ct. 2379, is the Supreme Court's most recent discussion of Rule 15(c). *See generally Williams v. Army & Air Force Exch. Serv.,* 830 F.2d 27 (3d Cir.1987). The district court and appellee Malsbary interpret *Schiavone* to preclude Dandrea's amendment under Rule 15(c). We do not agree with this reading of *Schiavone.*

*Schiavone* was a libel case over which the federal court had diversity jurisdiction. Three plaintiffs, whose actions were consolidated on appeal to this Court, alleged that they were libeled in a cover story in Fortune magazine. Their complaints were filed in a timely fashion and named "Fortune" as the defendant. Plaintiffs' counsel then served Time, Incorporated ("Time"). By this time, the one-year statute of limitations for libel actions had expired. Time's registered agent refused service because Time was not named as a defendant. As the Supreme Court explained," 'Fortune' ... is only a trademark and the name of an internal division of Time, Incorporated (Time), a New York corporation." *Schiavone,* 106 S.Ct. at 2381. The plaintiffs amended their complaints to add Time, Incorporated as a party and served Time again. The district court, this Court, and the Supreme Court all agreed with Time that Rule 15(c) precluded a post-limitations period substitution of parties. *Id.* at 2382, 2385.

The Supreme Court emphasized that the *Schiavone* plaintiffs did not even claim that "Fortune," a trademark and internal division of Time, Inc., was a legal entity with the capacity to be sued. *Schiavone,* 106 S.Ct. at 2381 n. 2. Dandrea sued not a trademark but an existing corporation. Thus, unlike *Schiavone,* this is not a case where the plaintiff has named as a party an entity without the capacity to sue or be sued. Nor do we have before us a case where a plaintiff has sued an entity whose former name is now being used by another corporation, creating uncertainty as to whether the proper party is before the Court; Malsbary itself asserts that there is no longer *any* entity called "Malsbary Manufacturing Company." This is not a case, finally, where the plaintiff sought to

**4.** We do not decide whether, if Dandrea's proposed amendment changed the party against whom her claim is asserted, the amendment would fulfill the requirements of Rule 15(c) for relation back. The district court, having held that it could have no jurisdiction over the defendant since it was non-existent, also held that Dandrea's amendment would not relate back to the date of her initial filing because Rule 15(c)'s requirement of notice within the limitations period was not met. The trial judge assumed that the first notice Malsbary had of Dandrea's action came on July 30, 1986, the date of Dandrea's successful service. This was, as we have noted, within the 120 day time period allowed by Rule 4(j) for service of process, but it was outside the three year ADEA limitations period. If Dandrea's proposed amendment changed a party, and if Dandrea's successful service of process did constitute Malsbary's first notice of the institution of Dandrea's action, as the district court assumed it did, then the district court's conclusion that notice did not occur within the limitations period would be correct. The dissent states that "there was notice to neither Malsbary nor Koppenhafer within the limitations period." Dissenting typescript at 5. However, the record is unclear on the issue of notice. Malsbary could have received actual notice of Dandrea's action prior to the July 30 service of process. On June 12, Dandrea's attor-

ney mailed a copy of the summons and complaint to the Nebraska attorney who represented Malsbary in the EEOC proceedings. On June 18—one day after the ADEA's statute of limitations had run—the attorney returned the documents with a letter stating that this firm no longer represented Malsbary Manufacturing Company. *See supra* note 2.

It is not clear on the face of the record whether the lawyer received the letter within the three year limitations period or whether, at the time he received it, he related its contents to appellee. If he did receive the letter before June 18, and even if he did not communicate with the defendant, the record is silent on the question whether he had standing instructions as to how to handle complaints against the company or otherwise stood in a sufficient agency relationship with it such that notice to him constituted actual notice to appellee. (The lawyer's representations to the contrary in his letter to Dandrea's counsel are, of course, hearsay.) This Court does not sit as a trier of fact and thus is powerless to determine, in the first instance, the significance of the correspondence between Dandrea's counsel and the Nebraska attorney. Because of our resolution of this appeal, however, we regard the development of a factual record on this issue as unnecessary.

sue an entity completely different from, although perhaps affiliated with, the one named in the complaint. Malsbary is not an internal division, a partner, a parent, or a subsidiary of Koppenhafer Corporation. It is the same corporation. *Cf. Williams,* 830 F.2d 27 (Title VII plaintiff named agency by which she was employed; statute required suit against agency head). Dandrea has sued the correct entity, which still exists and has the capacity to be sued, using its former name, one not currently used by any other entity; she seeks to amend the complaint not for the purpose of changing, substituting, or adding a party, but solely for the purpose of including the same party's correct name. We decline to extend *Schiavone's* holding to preclude Dandrea's amendment.

## IV.

Dandrea also argues that, because Malsbary failed to notify Dandrea of its name change, it is estopped from taking advantage of its misleading conduct by objecting to Dandrea's amendment of her complaint. We have recognized that, where an employer's own acts or omissions have prevented plaintiffs from effecting prompt vindication of their rights under the ADEA, the facts may give rise to equitable tolling or estoppel. *Bonham v. Dresser Indus., Inc.,* 569 F.2d 187, 193 (3d Cir.), *cert. denied,* 439 U.S. 821, 99 S.Ct. 87, 58 L.Ed.2d 113 (1978). In *School Dist. of Allentown v. Marshall,* 657 F.2d 16, 20 (3d Cir.1981) (citing *Smith v. American President Lines, Ltd.,* 571 F.2d 102, 109 (2d Cir.1978)), we stated that equitable tolling of a limitations period may be appropriate if the defendant has actively misled the plaintiff, or "the plaintiff has in some extraordinary way been prevented from asserting his rights." *Accord Kocian v. Getty Ref. & Mktg. Co.,* 707 F.2d 748, 752–53 (3d Cir.), *cert. denied,* 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983). We have also noted, however, that "'restrictions on equitable tolling ... must be scrupulously observed.'" *Williams,* 830 F.2d at 30 (quoting *Marshall,* 657 F.2d at 19).

Because we hold that Dandrea's amendment does not change a party under Rule 15(c) and, therefore, that her amendment does relate back, we need not decide whether the facts of this case require equitable tolling. We would, in any event, be unable to decide this question since the record before us is incomplete. The district court did not determine, for example, whether the Nebraska attorney who represented Malsbary before the EEOC stood in an agency relationship with Malsbary at the time Dandrea filed her complaint. If so, his letter to Dandrea's counsel concerning the corporation's status may have been actively misleading. The record also does not disclose what steps Dandrea's counsel may have taken to discover the defendant's change of name or what obstacles may have prevented him from discovering it. With these and other important facts absent from the record, this Court simply has no basis for evaluating Dandrea's equitable tolling argument.

## V.

For the foregoing reasons, we will reverse the district court's dismissal order and its denial of leave to amend, and we will remand for proceedings in accordance with this opinion.

HUTCHINSON, Circuit Judge, dissenting.

I respectfully dissent. I am not persuaded that the Supreme Court's recent decision in *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986), does not control the outcome of this case. In both, the plaintiff improperly named the defendant in the complaint, attempted service and then sought to amend the complaint after the statute of limitations had run but within the 120 days provided for service by Fed.R.Civ.P. 4(j). Here, the majority reasons that plaintiff's failure to set forth the defendant's correct corporate name in the complaint is not fatal because the corporate entity always remained the same "party." Therefore, according to the majority, neither Fed.R.Civ.P. 15(c) nor *Schiavone* apply. To my mind, the majori-

ty fails to appreciate the clear lesson of *Schiavone, i.e.,* that even a simple error in designating the party defendant in a pleading requires satisfaction of Rule 15(c) if an amended pleading correcting the misnomer is to relate back to the date the original pleading was filed. Moreover, I do not believe this record shows conduct by defendant sufficient to invoke equitable tolling. I would therefore affirm the district court's order dismissing the action.

Because the amendment to the complaint would only substitute the name Koppenhafer for Malsbary, the majority holds that there has been no change in "party" and the strictures of Rule 15(c) do not govern the facts of this case.[1] By holding inapposite, the majority avoids the need to consider *Schiavone.* I cannot agree with the majority's assumption that plaintiff's proposed amendment of her complaint to substitute the new corporate name of her former employer need not satisfy Rule 15(c). The note accompanying the 1966 amendment to Rule 15(c) explicitly states that an amendment to a pleading changing the party against whom a claim is asserted includes "an amendment to correct a misnomer or misdescription of a defendant." Fed.R.Civ.P. 15(c) advisory committee note, *reprinted in* 39 F.R.D. 82 (1966). Here, the plaintiff's misstatement of the name of the defendant is a misnomer or misdescription requiring the amendment to comport with the commands of Rule 15(c).

The advisory committee's approach was adopted by the Supreme Court in *Schiavone.* The plaintiffs in *Schiavone* improperly named Fortune magazine as the defendant.[2] However, the second paragraph of the controverted complaint made reference to Time. *Schiavone,* 106 S.Ct. at 2386 (Stevens, J., dissenting). Service was attempted within the governing limitations period. After the statute of limitations had expired, the plaintiffs sought to amend the captions of the complaints to substitute Time, Incorporated for Fortune. I believe

the plaintiffs' mistake in *Schiavone* is indistinguishable from the mistake made in this case. Both amendments involved misdescription of a defendant; both should satisfy Rule 15(c).

The plaintiffs in *Schiavone* first argued that naming Fortune in the complaint imputed notice to Time, a later named and sufficiently related party. The argument was premised upon an "identity-of-interest" exception to the usual notice requirement. That exception had been adopted by several Courts of Appeals. In rejecting the plaintiffs' contention, the Supreme Court stresses the original complaint's failure to provide Time with notice of the action sufficient to meet that requirement of relation back under Rule 15(c) because its registered agent refused the complaint:

> Timely filing of a complaint, and notice within the limitations period to the party named in the complaint, permits imputation of notice to a subsequently named and sufficiently related party. In this case, however, neither Fortune nor Time received notice of the filing until after the period of limitations had run. Thus, there was no proper notice to Fortune that could be imputed to Time.

*Id.* at 2384.

In considering whether the amended complaints could relate back to the filing of the original complaints, which occurred within the applicable one year statute of limitations, the Supreme Court sets forth four factors which must be satisfied:

> (1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirements must have

---

1. The assumption that the name change does not involve a change of identity assumes that Koppenhafer, after selling Malsbary's name as well as its assets, succeeded to any liability Malsbary might be subject to for the claimed

ADEA violation. This may be so. It does not appear on the record.

2. Fortune is simply a trademark and the name of an internal division of Time.

been fulfilled within the prescribed limitations period.

*Id.* According to the Court in *Schiavone,* "[t]he linchpin [of Rule 15(c) ] is notice, and notice within the limitations period." *Id.* at 2385.[3]

In the instant case, neither Malsbary nor Koppenhafer was afforded notice of the suit within the three year statute of limitations. The parties do not dispute the fact that Koppenhafer is the successor of Malsbary and is responsible for the defense of the suit, although the record does not speak to this issue. Appellant seeks to correct the misstatement in the original complaint which she mailed to the Nebraska attorney within the three year statute of limitations. The amended complaint, according to the appellant, should then relate back to the original timely service.

Since there was notice to neither Malsbary nor Koppenhafer within the limitations period, there is nothing to which the amended complaint could relate back. The attempted service upon the Nebraska attorney, on the eve of the running of the statute of limitations, failed to afford Malsbary/Koppenhafer notice of the suit. Rule 4(d)(3) of the Federal Rules of Civil Procedure provides for service upon a foreign corporation by delivering the summons and complaint "to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Service upon an attorney is not effective unless the attorney had either express or implied authority to receive service on his client's behalf. *Schultz v. Schultz,* 436 F.2d 635, 639–40 (7th Cir.1971); *United States v. Marple Community Record, Inc.,* 335 F.Supp. 95, 101 (E.D.Pa.1971). A general grant of authority alone is not sufficient to make an attorney the agent of his client for receipt of service. *Schultz, supra; Marple, supra.* *See also* 2 J. Moore & J. Lucas, *Moore's Federal Practice,* ¶ 4.12, at 4–142 (1987). Appellant has pointed to nothing in the record which would demonstrate an agency relationship between the Nebraska attorney and the defendant authorizing him to receive service. Indeed, the only evidence on this point shows that the Nebraska attorney upon whom plaintiff attempted service was no longer Malsbary's attorney when the attempt at service was made. *See* Amended Joint Appendix at 7a.1. Service of a complaint upon an attorney is improper unless his authority appears. This improper service did not provide notice of the impending suit.

Since Malsbary defended appellant's EEOC charge of discrimination, appellant argues that Malsbary/Koppenhafer was aware within the limitations period that an action might be filed and that knowledge was enough to meet the notice requirement of *Schiavone* and Fed.R.Civ.P. 15(c). Administrative proceedings on an EEOC charge before commencement of an ADEA action does not afford a party defendant the notice required by the rule. The only notice relevant to Rule 15(c) is notice of "the institution of the action." Fed.R.Civ. P. 15(c). *See also Gonzales v. Secretary of the Air Force,* 824 F.2d 392, 396 (5th Cir. 1987); *Stewart v. United States Postal Serv.,* 649 F.Supp. 1531, 1535 (S.D.N.Y. 1986). Malsbary's defense of the administrative claim did not give the defendant notice of the subsequent lawsuit in federal court.

Lastly, the appellant contends that the defendant's name change unfairly prevented her from properly serving the complaint during the limitations period because she had no notice of it. She asks that we equitably toll the statute of limitations and deem her suit timely. Malsbary's failure to

---

**3.** Rule 4(j) of the Federal Rules of Civil Procedure does not offer appellant any relief. The rule allows the plaintiff 120 days after the filing of the complaint to serve the summons and complaint upon the defendant. However, the rule does not serve as an extension of time beyond the running of the statute of limitations. The rule provides only a reasonable time limit for service of a timely filed complaint. As Justice Blackmun states: "[w]e are not inclined . . . to temper the plain meaning of the language [of Rule 15(c) ] by engrafting upon it an extension of the limitations period equal to the asserted reasonable time, inferred from Rule 4, for the service of a timely filed complaint." *Schiavone,* 106 S.Ct. at 2385. *See also Williams v. Army and Air Force Exch. Serv.,* 830 F.2d 27, 29 (3d Cir.1987).

notify the appellant of its name change to Koppenhafer, according to the appellant, precluded her from effectuating proper service. Because there is no causal connection between the name change and the improper service upon the Nebraska attorney, I believe this argument must fail.

In *School District of Allentown v. Marshall,* 657 F.2d 16, 20 (3d Cir.1981) (quoting *Smith v. American President Lines Ltd.,* 571 F.2d 102, 109 (2d Cir.1978), we stated that equitable tolling of a statute of limitations takes place when "the defendant has actively misled the plaintiff respecting the cause of action." Additionally, relief may be warranted where the plaintiff has "in some extraordinary way" been prevented from asserting his rights. *Id. See also Kocian v. Getty Ref. & Mktg. Co.,* 707 F.2d 748, 753 (3d Cir.), *cert. denied,* 464 U.S. 852, 104 S.Ct. 164, 78 L.Ed.2d 150 (1983). We have cautioned that "restrictions on equitable tolling ... must be scrupulously observed." *Williams v. Army and Air Force Exch. Serv.,* 830 F.3d 27, 30 (3d Cir.1987) (quoting *School District, supra,* 657 F.2d at 19).

Appellant argues that appellee's failure to inform her of its name change from Malsbary to Koppenhafer warrants the equitable tolling of the statute of limitations. Again I cannot agree. The attempt at service upon the Nebraska attorney was ineffective for reasons not related to the corporate name change. This is not a situation where appellant was unable, within the statute of limitations, to make proper service after first attempting service upon a registered agent or other person authorized to accept service by either Malsbary or Koppenhafer. In such a case, a causal relationship between the name change and the inability to properly locate and serve the defendant might be demonstrated. Here, with only five days remaining, appellant mailed the complaint to an attorney no longer representing either Malsbary or Koppenhafer without verifying his status or authority. Equitable tolling is not warranted.

Accordingly, I would affirm the order of the district court granting appellee's motion to dismiss.