**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 13 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOHN RUSSELL HALL,

       Petitioner,

v.

UNITED STATES DEPARTMENT
OF LABOR,

       Respondent.

---

EG&G DEFENSE MATERIALS,
INC.,

       Intervenor.

No. 98-9547
(No. 98-076)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY, EBEL** , and **HENRY** , Circuit Judges.

---

\*    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Petitioner John Russell Hall petitions this court for review of a final decision of the United States Department of Labor Administrative Review Board ("Board") affirming the decision of an administrative law judge ("ALJ") granting summary judgment for intervenor EG&G Defense Materials, Inc. ("EG&G") on Hall's environmental whistleblower complaint. We affirm.

Hall claims that his fellow employees and supervisors at EG&G harassed him after he engaged in activities protected by environmental whistleblower statutes. The harassment allegedly caused Hall serious psychological problems, for which he took a disability leave of absence from work. After he had been on disability leave for a year, on November 14, 1996, EG&G terminated his employment. Hall received notice of the termination on November 15, 1996.

On January 7, 1997, Hall filed a complaint with the Department of Labor, alleging that he had been retaliated against for engaging in protected whistleblowing. EG&G filed a motion to dismiss the complaint, contending that it should have been filed within thirty days of Hall's termination. Hall filed a

-2-

response, in which he conceded that his complaint was untimely, but asserted that the statute of limitations should be equitably tolled due to his mental illness.

Both EG&G and Hall attached affidavits or other materials to their pleadings. The ALJ reviewed these materials, and converted the motion to dismiss to one for summary judgment. He found that the circumstances of this case did not warrant equitable tolling, and granted summary judgment in favor of EG&G. The Board agreed and affirmed the dismissal.

We review the Secretary of Labor's decision under § 706 of the Administrative Procedure Act. See, e.g. , 42 U.S.C. § 300j-9(i)(3)(A) (incorporating standards contained in 5 U.S.C. § 706(2)); cf. Trimmer v. United States Dep't. of Labor , 174 F.3d 1098, 1102 (10th Cir. 1999) (discussing similar statutory language incorporating standards contained in 42 U.S.C. § 5851(c)(1)). The Secretary's decision will be set aside only if it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." Trimmer , 174 F.3d at 1102. The Secretary's decision on matters of law, however, is reviewed de novo. See id.

Hall raises three issues. He first contends that the Secretary erred by deciding the timeliness and equitable tolling issues without allowing him to complete discovery, without giving him notice that the motion to dismiss would

be converted to a motion for summary judgment, and without affording him a reasonable opportunity to submit additional material for consideration.

The parties have cited no administrative rule or regulation authorizing the ALJ to treat a motion to dismiss as a motion for summary judgment, and we have found none. The Secretary's regulations, however, contain a "summary decision" procedure which operates in much the same way as the summary judgment authorized by Fed. R. Civ. P. 56.     See 28 C.F.R. §§ 18.40, 18.41. Federal Rule of Civil Procedure 12(b) provides that if a party makes a motion to dismiss for failure to state a claim upon which relief can be granted, and if "matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56." We therefore find it useful to reason from Rules 12(b) and 56 and interpretive federal case law by analogy.

In an order dated July 18, 1997, the ALJ instructed the parties that discovery could commence immediately. The ALJ did not enter his recommended order of summary judgment until nearly seven months later, on February 6, 1998. It does not appear that Hall made any effort to conduct discovery during this time period.

Hall asserts that he did not conduct discovery because he did not know he would be facing a motion for summary judgment. We note, however, that he

attached affidavits and other materials to his response to EG&G's motion to dismiss. A party who submits material beyond the pleadings in opposition to a motion to dismiss cannot complain of undue surprise if the district court treats the motion as a summary judgment motion. See Arnold v. Air Midwest, Inc., 100 F.3d 857, 859 n.2 (10th Cir. 1996); Wheeler v. Hurdman, 825 F.2d 257, 259-60 (10th Cir. 1987). We conclude, therefore, that the ALJ properly converted the motion to one for summary judgment, and that Hall cannot complain of lack of notice or opportunity to conduct discovery or to present materials in opposition to the motion.

In his second issue, Hall asserts that the Board erred as a matter of law in granting summary judgment on his equitable tolling argument. The Board's application of the doctrine of equitable tolling involves a question of law and we therefore review this issue de novo. See Rose v. Dole, 945 F.2d 1331, 1334 (6th Cir. 1991).

Each of the statutes upon which Hall's claims are founded requires the plaintiff to file his complaint with the Secretary within thirty days of the last discriminatory or retaliatory action. See 15 U.S.C. § 2622(b)(1) (Toxic Substance Control Act); 33 U.S.C. § 1367(b) (Clean Water Act); 42 U.S.C. § 300j-9(i)(2)(A) (Safe Drinking Water Act); 42 U.S.C. § 6971(b) (Resource, Conservation and Recovery Act); 42 U.S.C. § 7622(b)(1) (Clean Air Act); 42 U.S.C. § 9610(b)

(Comprehensive Environmental Response, Compensation, and Liability Act). It is undisputed that Hall did not file his complaint within thirty days of his termination. These thirty-day deadlines are not jurisdictional, however, and are subject to equitable tolling. See School Dist., City of Allentown v. Marshall, 657 F.2d 16, 18-20 (3d Cir. 1981); cf. Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982) (holding that time limit for filing EEOC charge is not jurisdictional, but is subject to waiver, estoppel and equitable tolling).

Hall claims that the statute of limitations should be tolled because his mental illness prevented him from filing his complaint during the statutory time period. Our decision in Biester v. Midwest Health Servs., Inc., 77 F.3d 1264 (10th Cir. 1996), is dispositive of this issue. Although in that case we declined to decide whether mental incapacity could toll the statute of limitations, see id. at 1268, we stated that even if we were to adopt such a rule, tolling for mental incapacity would be allowed only under "exceptional circumstances," see id. We identified two such exceptional circumstances as adjudication of incompetency or institutionalization. See id.

Hall was neither adjudicated incompetent nor institutionalized during the time period at issue here. Instead, the evidence before the Secretary showed that Hall handled, with counsel's assistance, other legal matters which required action during or soon after the thirty-day statute of limitations period. Thus, even if we

recognized equitable tolling for mental incapacity, it would not apply in this case. Hall fails to show any exceptional circumstances which would justify equitable tolling. [1]

Finally, Hall contends that the Secretary erred in rejecting his claim of equitable tolling by relying on the fact that he was represented by counsel on other matters during the statutory limitations period. We need not consider whether the Secretary's rationale includes a legal error. Even if it does, the Secretary's other stated rationales for granting summary judgment provide a sufficient basis for our affirmance. See, e.g. , Vista Hill Found., Inc. v. Heckler , 767 F.2d 556, 559 (9th Cir. 1985) (stating that while agency decision may be upheld only on basis relied upon by agency, court may affirm if decision is justified by either of alternative grounds set forth in agency decision).

---

[1] Hall also argues that equitable tolling is appropriate because EG&G caused his mental incapacity. We need not consider whether we recognize such a claim, because Hall fails to show, whatever the source of his incapacity, that he was so impaired that he could not have filed a timely claim. See Biester , 77 F.3d at 1269 n.2.

For the foregoing reasons, Hall's petition for review is DENIED, and the Board's final decision and order is AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge