## Frederick Bashara v. David Corliss

[632 A.2d 30]

No. 92-140

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed September 17, 1993

*Craig Weatherly* of *Gravel and Shea*, Burlington, for Plaintiff-Appellant.

*Jeffry W. White* of *Theriault & Joslin, P.C.*, Montpelier, for Defendant-Appellee.

**Johnson, J.** Plaintiff appeals from a trial court decision concluding that his negligence complaint against defendant was barred by the statute of limitations. We affirm.

On October 4, 1985, David Corliss, while driving his father's car, was involved in a collision with a car in which plaintiff was a passenger. One week before the three-year statute of limitations would have run, plaintiff filed a complaint mistakenly naming David's father, Bernard, as the defendant-driver. This complaint was never served. On October 18, 1988, plaintiff filed an amended complaint naming David as the defendant-driver. Service was attempted at the address that had been David's residence at the time of the accident, but David had moved. On November 7, 1988, plaintiff served the complaint against defendant upon the Commissioner of Motor Vehicles, pursuant to 12 V.S.A. § 892. Thus, service was made within sixty days of the filing of the original complaint. See V.R.C.P. 3 (requiring service within sixty days after filing complaint).

David did not receive actual notice of the suit until April 1989, when plaintiff was granted judgment by default. This judgment was sent to David's former address, where plaintiff initially attempted service. David's father still lived at this address and delivered the notice to David. David then answered the complaint and pled insufficiency of service of process and the statute of limitations. The trial court ruled that the action was barred by the three-year statute of limitations because the amended complaint did not relate back to the time of filing of the original complaint. Plaintiff appeals this decision.

Plaintiff contends that the amended complaint relates back to the date on which the original complaint was filed against the defendant's father under V.R.C.P. 15(c), which states in relevant part:

> An amendment changing the party against whom a claim is asserted relates back if . . . within *the period provided by law for commencing the action* against the party, the party to be brought in by amendment (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

(Emphasis added.) Plaintiff argues that "the period provided by law for commencing the action" includes the time for completion of service of process, an additional sixty days.

The plaintiff's argument is unpersuasive in the face of Rule 15(c)'s clear mandate. The language of V.R.C.P. 15(c) unambiguously requires that the real party must have notice during the period provided by law for commencing an action and makes no provision for notice during the period for service of process. Even if the language of Rule 15(c) was not clear, the Reporter's Notes unequivocally limit relation back to cases where the new defendant had "notice and knowledge of the original proceeding within the period of the statute of limitations." Reporter's Notes, V.R.C.P. 15.

Relying on Justice Stevens' dissent in *Schiavone v. Fortune*, 477 U.S. 21 (1986), plaintiff contends that reading Rule 15(c) to mean what it says renders the rule superfluous. *Schiavone* is not apposite. In *Schiavone*, plaintiffs' amendment did not change the defendant; rather, it substituted defendant's trademark "Fortune" with the defendant's name of incorporation, "Fortune, also known as Time, Incorporated." *Id.* at 23. The dissent argued that because the amendment did not actually change the party, the requirements of Rule 15(c) quoted above should not apply. *Id.* at 36. Even if those requirements should apply, the dissent contended that there should be an exception in cases of misnomer only, to allow the amendment to relate back if defendant received notice within the period for service. *Id.* at 36–38.

This is not the case before us. It is true that the caption of plaintiff's complaint changed only from "Bernard Corliss, Defendant" to "David Corliss, Defendant." Plaintiff's mistake, however, was greater than to name defendant incorrectly—plaintiff sued the wrong party.

Our reading of Rule 15(c) as it is written does not render it a nullity. Rule 15(c) merely allows the complaint to be corrected if the defendant had the requisite notice within the statute of limitations. While Rule 15(c)'s purpose may be limited, the purpose exists.

██ Moreover, under plaintiff's construction of Rule 15(c), a plaintiff could file a complaint against anyone within the limitations period and change the defendant within the service-of-process period. This would essentially extend the statute of limitations beyond that provided by the Legislature. Something must happen within the limitations period to toll it; usually, ei-

ther the complaint is filed or defendant is served. When, as here, the complaint names the wrong defendant, neither of these acts has occurred to toll the statute of limitations. Rule 15(c) does not extend the statute of limitations, it merely allows notice to be the "something" that tolls the limitations period regarding the new defendant.

The period provided for plaintiff to commence the action in this case was three years. 12 V.S.A. § 512(4). Thus, for plaintiff's amendment to relate back to the filing of the original complaint, David Corliss must have had notice of the original complaint, as well as notice that, but for plaintiff's mistake, he would have been named in the original complaint. Plaintiff failed to argue or prove that David Corliss had notice of the commencement of the original suit or that he knew or should have known that but for a mistake, the action would have been brought against him. Accordingly, the trial court properly found that plaintiff's action was barred by the statute of limitations.

Plaintiff also argues that Rule 15(c)'s notice requirement is satisfied if defendant had either actual or constructive notice. Plaintiff alleges defendant had constructive notice of the suit through process served on the Commissioner of Motor Vehicles. Defendant challenges the sufficiency of the service of process on the Commissioner. We need not reach the merits of either of these arguments because defendant did not have notice, actual or constructive, within the limitations period.

*Affirmed.*

**Morse, J.,** dissenting. Because I believe that the Court's construction of V.R.C.P. 15(c), requiring that a misnamed defendant have notice of a lawsuit during the applicable statute-of-limitations period, is needlessly rigid, I dissent.

That plaintiff filed his original complaint in a timely manner is undisputed. His complaint, however, contained one simple and understandable mistake; it named "Bernard" rather than "David" Corliss as defendant. The record does not reveal exactly how the mistake came about or how plaintiff discovered the error, but presumably the accident report named them both and the scrivener of the complaint mixed them up. Nevertheless, within the 60-day period provided for service of process

under V.R.C.P. 3, an amended complaint was filed using the correct name for the first time.

Plaintiff took timely measures to correct the mistake and, barring prejudice to defendant—which the court specifically found was not a factor—common sense suggests that the suit not be barred. The contrary result reached by the Court is neither consistent with the spirit of our rules of civil procedure nor required by the language of V.R.C.P. 15(c).

Vermont has a longstanding tradition of liberality in allowing amendments to pleadings when no prejudice is shown, a tradition predating and not changed by the adoption of the civil rules of procedure. *Tracy v. Vinton Motors, Inc.*, 130 Vt. 512, 513–14, 296 A.2d 269, 271 (1972). A liberal amendment policy values the substance of claims over procedural technicalities. *Lillicrap v. Martin*, 156 Vt. 165, 170, 591 A.2d 41, 44 (1989); see also *id.* at 170–71, 591 A.2d at 44 (quoting 1 R. Field, V. McKusick & L. Wroth, Maine Civil Practice § 15.1, at 301 (2d ed. 1970)) (Rule 15 intended to "'facilitate the disposition of litigation on the merits and to subordinate the importance of pleadings'"). These principles—rather than a stinting hypertechnical approach—should guide the Court's inquiry when interpreting the civil rules.

First, I question whether Rule 15(c), providing for "relation back" of amendments "changing the party against whom a claim is asserted," should apply here at all. This is not a case where a plaintiff identified one person as the defendant and later sought to add or change to another. Rather, this case is in the nature of misnomer. The original complaint and the amended complaint are identical. In both documents, plaintiff seeks to sue a defendant who "[o]n or about October 4, 1985 . . . on a public highway in Washington County . . . operated a motor vehicle in a careless and negligent manner . . . [which] collided with the automobile in which plaintiff was riding as a passenger." These words describe David Corliss, not his father Bernard, who was not in the car at the time of the accident. The confusion is not about who drove the car, only about the driver's first name. Nothing in the original complaint suggests that plaintiff ever intentionally sought to sue Bernard Corliss under any theory of liability. Reading the complaint, David or Bernard would easily realize the error. Under these circumstances,

the only issue should be whether defendant was prejudiced. See *Beyda v. USAir, Inc.*, 697 F. Supp. 1394, 1399 (W.D. Pa. 1988) (amendment merely correcting misnomer rather than changing parties relates back under first sentence of Rule 15(c) as long as defendant not prejudiced); see also *Schiavone v. Fortune*, 477 U.S. 21, 35–36 (1986) (Stevens, J., dissenting) (changing-the-party test in Rule 15(c) does not apply to misnomer cases); *Dandrea v. Malsbary Manufacturing Co.*, 839 F.2d 163, 167–68 (3d Cir. 1988) (*Schiavone* does not bar relation back if amendment merely corrects defendant's name).

Even assuming plaintiff does fall within Rule 15(c), the Court's interpretation is needlessly inflexible. Under the rule an amendment relates back if

> *within the period provided by law for commencing the action against the party*, the party to be brought in by amendment . . . has received such notice of the institution of the action that the party will not be prejudiced in maintaining the party's defense on the merits. (Emphasis added.)

In Vermont, an action may be commenced by either filing of the complaint or by service of process on the defendant. V.R.C.P. 3. As a practical matter, an action cannot be commenced until defendant has in fact been served, and, when the action is begun by filing of the complaint, plaintiff has 60 days to accomplish service of process. *Id.* Thus, even a properly named defendant is not entitled to notice of the lawsuit for 60 additional days after the filing of the complaint. In the context of Rule 15(c), the most reasonable interpretation of the period of commencement is the 60 days provided by law for completing the initiation of the suit. Plaintiff filed his original complaint within the statute of limitations period; he filed his amended complaint within the period for commencing the lawsuit. Rule 15(c) should save his complaint.

The sole purpose of the concept of relation back embodied in V.R.C.P. 15(c) is to save claims that would otherwise be time barred. The Court's parsimonious interpretation of the rule—making the date of relation back coincide with the expiration of the statute of limitations—means a plaintiff who innocently makes a naming mistake receives nothing he did not already have without the rule. A naming error will not be apparent when the complaint is filed; it may very well become apparent

when an attempt at service is made. Only an interpretation of the rule that allows plaintiff *extra time* to correct the error is consistent with the rule's purpose. Instead, the Court's reading values technicality above substance and denies plaintiff a hearing on the merits—a result unnecessary to vindicate defendant's interests.

The Court's approach is identical to that taken by the United States Supreme Court in *Schiavone v. Fortune*, 477 U.S. 21 (1986), a decision which has been roundly criticized by commentators. See Epter, *An Un-Fortune-ate Decision: The Aftermath of the Supreme Court's Eradication of the Relation-Back Doctrine*, 17 Fla. St. U.L. Rev. 715 (1990); Bauer, *Schiavone: An Un-Fortune-ate Illustration of the Supreme Court's Role as Interpreter of the Federal Rules of Civil Procedure*, 63 Notre Dame L. Rev. 720 (1988); Brussack, *Outrageous Fortune: The Case for Amending Rule 15(c) Again*, 61 S. Cal. L. Rev. 671 (1988); Lewis, *The Excessive History of Federal Rule 15(c) and Its Lessons for Civil Rules Revision*, 85 Mich. L. Rev. 1507 (1987). As a result of this critical outcry, F.R.C.P. 15(c) was changed effective 1991. The Reporter's Notes to the 1991 Amendment do not mince words about the reason for a rule change: "On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by [F.R.C.P.] 8." Federal Rule 15(c)(3) is now more explicit, providing that if an amendment changes "the party or the naming of the party against whom a claim is asserted" that party can be brought in by amendment if it has notice "within the period provided by Rule 4(j) for service of the summons and complaint," that is, up to as many as 180 days after the statute of limitations has run.

This Court need not replicate the tortured reasoning of *Schiavone*, a thoroughly discredited approach. The language of Rule 15(c) is not, as the Court asserts, so "clear" that we must follow it. To the contrary, this language was the basis of considerable conflicting case law before *Schiavone*. See, e.g., *Kirk v. Cronvich*, 629 F.2d 404, 408 (5th Cir. 1980); *Ingram v. Kumar*, 585 F.2d 566, 571–72 (2d Cir. 1978) (supporting a more liberal interpretation of the rule). Rather, when defendant suffers no measurable prejudice, this Court should interpret the rule to effectuate its purpose—litigation on the merits.

I am authorized to state that Justice Dooley joins in this dissent.