*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-160

SEPTEMBER TERM, 2012

| | | |
|---|---|---|
| Jonathan Lasek | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Rutland Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Laurie Celik | } | DOCKET NO. 441-6-11 Rdcv |

Trial Judge: Mary Miles Teachout

In the above-entitled cause, the Clerk will enter:

Plaintiff Jonathan Lasek was involved in an automobile accident and filed a timely complaint against defendant Laurie Celik, alleging that she was the driver of the other vehicle. Defendant moved for summary judgment on the ground that another person, Barbara Celik, was the actual driver of the vehicle that struck plaintiff. The trial court granted the motion, and simultaneously denied plaintiff's motion to amend the complaint to add Barbara Celik as a defendant, implicitly rejecting plaintiff's argument that, although the statute of limitations had expired, the amendment should be deemed to relate back to the date of the original pleading. Plaintiff contends the court erred in: (1) granting the motion for summary judgment; and (2) denying the motion to amend. We find no error in the court's grant of summary judgment for Laurie Celik but reverse and remand the denial of the motion to amend the complaint.

Plaintiff's complaint alleged that, on June 28, 2008, he was driving on Route 4 in the City of Rutland when his vehicle was struck from behind by another vehicle that was negligently operated by defendant Laurie Celik. The complaint was filed on June 24, 2011, just days before the expiration of the three-year statute of limitations. In her answer, defendant denied the allegation of negligence and asserted as an "additional defense" that plaintiff's injuries were sustained by reason of the negligence "of a person or persons other than this Defendant."

When plaintiff noticed defendant's deposition, defendant moved for a protective order on the ground that the deposition was unnecessary and oppressive in that plaintiff had sued the wrong person. In support of the motion, defendant submitted a personal affidavit stating that she was not the driver of the vehicle that struck plaintiff, and a police "crash report" identifying the vehicle's operator as Barbara Celik and its owner as Daniel Celik. In opposing the motion, plaintiff observed that counsel for defendant's insurer, Nationwide, had not raised the issue of the driver's identity in correspondence with plaintiff's counsel, and argued that defendant's

deposition was necessary to further explore the issue. Plaintiff also asserted that, if defendant was not the driver, the deposition was necessary to examine defendant's "relationship to the actual driver" and whether the vehicle had been negligently entrusted.

The trial court granted the motion for protective order in a brief entry order that stated the "ruling does not preclude a later deposition of Laurie Celik if legitimate issues arise related to potential liability as owner."

While the motion for protective order was pending, defendant moved for summary judgment on the basis that she was not operating the vehicle that collided with plaintiff. In opposition, plaintiff maintained that the identity of the driver remained in dispute, citing a letter to plaintiff's first attorney from Nationwide's claim representative which identified the insureds as Laurie and Daniel Celik and indicated that Nationwide expected to receive a "demand package." Plaintiff also asserted that the police report identifying Barbara Celik as the operator was inadmissible hearsay, and that defendant's affidavit was "self-serving." In addition, plaintiff asserted that summary judgment was premature because further discovery was necessary to determine whether defendant, even if not the driver, was aware of any medical condition of Barbara Celik that might have caused the accident, and to examine defendant's relationship to Barbara Celik and the circumstances of her driving of the vehicle. Plaintiff submitted an affidavit stating that he was told by a police officer at the scene of the accident that the driver had fainted because she had failed to take her insulin for a diabetes condition.

While the motion for summary judgment was pending, plaintiff filed a motion to amend his complaint to add Barbara Celik as a defendant. Although the statute of limitations had since expired, plaintiff asserted that the amendment should be deemed to relate back to the date of the original pleading under V.R.C.P. 15(c). Plaintiff argued in this regard that the claim against Barbara Celik arose out of the same occurrence as that set forth in the original pleading, that Laurie Celik would have advised the driver, Barbara Celik, of the pending action, and that Barbara Celik would have been covered under the Nationwide policy as a permissive user.

The trial court granted defendant's motion for summary judgment in a brief entry order, finding that plaintiff's opposition had failed to "place the critical fact for the case—the driver at the time of the collision—in dispute." The court also noted that police report, "while inadmissible, provided driver information to plaintiff," and also pointed to the availability of prefiling discovery under V.R.C.P. 27. Plaintiff's motion to amend was summarily denied in a separate order containing no findings and conclusions, and a later motion for reconsideration was also denied. This appeal followed.

Plaintiff contends the trial court erred in granting summary judgment because the police report identifying the operator as Barbara Celik was hearsay and the identity of the other driver remained a genuine issue in dispute. The trial court made clear, however, that it was not relying on the substance of the police report, and the court could properly credit defendant's factual assertion that she was not the operator of the vehicle where it was not clearly controverted by any credible documentary evidence or affidavit. Robertson v. Mylan Labs., Inc., 2004 VT 15,

2

¶ 15, 176 Vt. 356. Plaintiff alleges that Nationwide misled him as to the identity of the driver, but proffers no evidence to support this contention. Plaintiff notes that Nationwide, apparently correctly, identified its named insureds as Laurie and Daniel Celik. Plaintiff does not offer any evidence that Nationwide represented that Laurie Celik was the driver, or even that Nationwide was aware that plaintiff assumed that Laurie Celik was the driver because she was the only female named insured. Accordingly, we find no error in the court's granting of summary judgment.

Defendant also asserts that the granting of summary judgment was premature absent additional discovery to explore the identity of the driver and—assuming that defendant was not the driver—to examine defendant's relationship with Barbara Celik and the circumstances of her driving the vehicle as they might relate to defendant's potential liability as the vehicle's owner. Plaintiff has not shown, however, that the court abused its discretion in concluding that plaintiff had been afforded adequate time and opportunity to determine the driver's identity. See Bushey v. Allstate Ins. Co., 164 Vt. 399, 405 (1995) (in ruling on motion for summary judgment, court "need only permit an adequate time for discovery"). Moreover, plaintiff's complaint contained no negligent entrustment claim or assertion of vicarious liability, and the motion to amend did not seek to add any additional factual allegations or causes of action on this basis, although the court had left open the possibility that plaintiff could amend his complaint to add a claim of negligent entrustment. Accordingly, we cannot conclude that the court erred in denying additional discovery. See Chrysler Corp. v. Makovec, 157 Vt. 84, 90 (1991) (noting that "the purpose of discovery is not to fish through every potential theory of recovery to determine if there is any factual support for the theory" (emphasis omitted)).

Finally, plaintiff contends the court erred in denying the motion to amend his complaint to add Barbara Celik as a defendant. The issue is governed by V.R.C.P. 15(c), which, as relevant here, provides that an amendment "relates back to the date of the original pleading" when the following three criteria are met: first, the claim in the amended pleading "arose out of the conduct, transaction, or occurrence set forth . . . in the original pleading;" second "within the period provided by Rule 3 for service of the summons and complaint, the party to be brought in by amendment . . . has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits;" and, finally, the party to be added "knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party."[1]

As noted, the trial court's order denying plaintiff's motion was silent on the basis of its ruling. The record leaves little doubt, however, that the first and third criteria would be easily

---

[1] Below, defendant invoked our decision in Bashara v. Corliss, 161 Vt. 1 (1993) in arguing that "The language of V.R.C.P 15(c) unambiguously requires that the real party must have notice during the period provided by law for commencing an action and makes no provision for notice during the period for service of process." As reflected in the Reporter's Notes, the 1995 amendment to Rule 15(c) effectively superseded this aspect of our decision in the Bashara case.

3

satisfied in this case. The claim against Barbara Celik as the driver of the vehicle in the accident clearly rests on the same occurrence that formed the basis of the claim against defendant Laurie Celik. Moreover, as the driver, Barbara Celik certainly knew or should have known that the action would have been brought against her but for the mistaken identification of Laura Celik as the driver. The critical issue, therefore, would appear to concern whether—within the time for service of the summons and complaint, i.e., within sixty days from the filing of the complaint— Barbara Celik "received such notice of the institution of the action" that she would be not be prejudiced by requiring her to defend the action.

Plaintiff argued in this regard that if, indeed, Laura Celik—the vehicle's owner—was mistakenly identified as the operator she would have advised the actual driver, Barbara Celik, of the filing of the lawsuit. As for the lack of prejudice, plaintiff also argued that, as a permissive driver, Barbara Celik would be covered under same automobile insurance policy as the owner, Laura Celik, and Nationwide would therefore be subject to the same duty to investigate and defend the suit.

Although plaintiff's arguments to the trial court were not well supported by any pertinent authority, courts and commentators have recognized that constructive notice of a lawsuit under Rule 15(c) may be imputed to an unnamed defendant where there is a sufficient "identity of interest" with the named defendant. See, e.g., Jimenez v. Toledo, 604 F.2d 99, 102-03 (1st Cir. 1979) ("The identity of interests concept . . . provides that the institution of the action serves as constructive notice of the action to the parties added after the limitations period expired, when the original and added parties are so closely related in business or other activities that it is fair to presume the added parties learned of the institution of the action shortly after it was commenced."); see generally 6A C. Wright, et al., Federal Practice and Procedure § 1499, at 194-97 (3d ed. 2010) ("When the named defendant and the party that the plaintiff actually intended to sue have an 'identity of interest,' an amendment adding the proper party will relate back when if the other requirements of Rule 15[(c)] have been satisfied.").

A number of courts have applied this concept outside of the business context, in circumstances similar to those presented here, to hold that a family relationship and a common insurance carrier may support the finding of an identity of interest for purposes of imputing notice of a lawsuit. See, e.g., Philips v. Gieringer, 108 P.3d 889, 894-95 (Alaska 2005) (where plaintiff involved in automobile accident mistakenly sued driver's father, court allowed amendment adding actual driver, holding that notice of lawsuit may be imputed "through a shared insurance carrier when the insurer is contractually bound to protect the interests of the insured"); Pan v. Bane, 2006 OK 57, ¶ 20, 141 P.3d 555 (permitting plaintiff who sued parents of minor driver involved in accident to amend complaint to add driver based on finding that driver "and her parents have a sufficient identity of interest that notice should be, and is, imputed to her" based on fact that driver lived at home with parents, were insured by same carrier, and were represented by same attorney); see also Denver v. Forbes, 26 F.R.D. 614, 616 (E. D. Pa. 1960) (allowing plaintiff injured in auto accident who mistakenly sued driver's mother to amend complaint to add driver based on finding that daughter would have been aware of

4

complaint and that "the same insurance company is involved no matter whether the mother or daughter is sued").

The absence of findings or explanation does not allow us to determine the basis of the trial court's decision denying plaintiff's motion to amend, and specifically to ascertain how it resolved the notice question. Particularly in view of our strong policy favoring the liberal amendment of pleadings to ensure, whenever possible, a ruling on the merits of a claim, Lillicrap v. Martin, 156 Vt. 165, 170-71 (1991), we conclude that a reasoned decision is required for proper review, and therefore reverse the order denying plaintiff's motion to amend and remand for further consideration of the motion to amend by the trial court in light of the applicable law.

The order denying plaintiff's motion to amend the complaint is reversed, and the matter remanded for further proceedings. In all other respects, the judgment is affirmed.

BY THE COURT:

_____
Marilyn S. Skoglund, Associate Justice


_____
Brian L. Burgess, Associate Justice


_____
Beth Robinson, Associate Justice

5