Daniel C. SCHWARTZ, Plaintiff,

v.

D/FD OPERATING SERVICES, L.L.C., Defendant.

No. CIV.A.00–1071–SLR.

United States District Court, D. Delaware.

Jan. 9, 2002.

Jeremy W. Homer, Parkowski & Guerke, Dover, DE, for plaintiff.

Kathleen Furey McDonough, Potter, Anderson & Corroon, LLP, Wilmington, DE, for defendant.

## MEMORANDUM ORDER

SUE L. ROBINSON, Chief Judge.

### I. INTRODUCTION

Plaintiff Daniel C. Schwartz ("Schwartz") filed this action on December 26, 2000, alleging his former employer defendant D/FD Operating Services, L.L.C. ("Operating Services") wrongfully discharged him from his job in violation of the American with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981a. (D.I.1) Operating Services filed its Answer on January 29, 2001 denying all allegations. (D.I.3)

After pursuing discovery, Schwartz filed this motion to join as defendants Duke Energy Corporation ("DEC"), Duke O & M Services, Inc. ("Duke O & M"), and Duke Fluor Daniel (II) ("DFD") and to amend the com-

plaint to add a cause of action under the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 *et seq.*. (D.I.17) Operating Services has filed opposition to this motion (D.I.23) and Schwartz has filed a reply. (D.I.28) For the reasons that follow, the motion will be granted.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 15(a) allows courts to freely permit amendments to complaints as justice requires.[1] *In re Burlington Coat Factory,* 114 F.3d 1410, 1434 (3d Cir.1997). Courts commonly permit amendments where clerical mistakes are involved and the errors were made in good faith. Courts are also encouraged to grant pretrial amendments so that parties may fully present the issues. *See Moore's Federal Practice,* § 15.14[1]. The United States Supreme Court has warned that while the grant or denial of a motion to amend is within the discretion of the district court, refusal to grant the leave to amend without any reason for the denial is an abuse of discretion and "inconsistent with the spirit of the Federal Rules." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "Among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." *In re Burlington Coat Factory,* 114 F.3d at 1434.

## III. DISCUSSION

### A. Futility

▇▇▇▇ Operating Services challenges the motion on futility grounds. Futility "means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* In determining futility, courts apply the same standard as applies to a motion to dismiss. When considering denial of an amendment on the grounds of futility, "[t]he facts alleged in the proposed amended complaint, and all reasonable factual infer-

ences drawn from those facts, are construed in the [moving party's] favor." *Site Microsurgical Systems v. Cooper Companies,* 797 F.Supp. 333, 336 (D.Del.1992); *Doe v. Sylvester,* C.A. No. 99–891, 2001 WL 1064810 (D.Del. Sept.11, 2001)("Ultimate factual determinations...are not for the court to decide in the context of a motion to dismiss.") Moreover,

> A claim is not "futile" merely because it will be difficult to prove. In other words, the claim must be futile as a matter of law rather than merely unlikely as a matter of fact. The issue involved in a motion to dismiss is not whether the plaintiff will ultimately prevail but whether he is entitled to present evidence in support of his claims.

*Site Microsurgical Sys., Inc.,* 797 F.Supp. at 336–37. (citations omitted).

Schwartz contends amendment is necessary because of information he obtained during the discovery process. Since this information was absent when the complaint was filed, Schwartz argues he could not have included the claim or the additional parties in the original complaint. (D.I.17) Information obtained during discovery, according to Schwartz, establishes that the three entities he seeks to add as defendants were joint employers of the plaintiff because they exerted significant control over the terms and conditions of his employment, co-determined matters governing pertinent employment conditions and are a part of a single integrated enterprise and therefore a single employer for this action. *NLRB v. Browning–Ferris Indus. of Pennsylvania, Inc.,* 691 F.2d 1117, 1124 (3d Cir.1982).

Schwartz submits the following factual information gathered during discovery to bolster his claims. First, the plant manager who supervised him and was involved in the decision to terminate Schwartz's employment is actually an employee of proposed defendant DFD. (D.I. 17, Ex A) Second, the in-

---

1. Rule 15(a) provides, in pertinent part:

   A party many amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise a party may amen the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

house attorney for proposed defendant DEC represented DEC's interests in Schwartz's charge of discrimination. Third, before Schwartz was discharged, he was required to participate in interviews with employees of proposed defendant DEC in North Carolina-where DEC and DFC are headquartered. Moreover, Schwartz argues the information regarding the proposed defendants and their relationship with Operating Services was not disclosed clearly in discovery. Instead, Schwartz alleges Operating Services has provided vague responses to interrogatories seeking the nature of the relationship among defendant and proposed defendants.

Operating Services counters that the motion to amend should be denied because the court lacks jurisdiction to consider the complaint. (D.I.23) Schwartz did not follow the administrative procedures under the Americans with Disabilities Act ("ADA"), which requires a litigant to file an administrative complaint against additional parties before filing suit against such parties. Having failed to name the three new defendants in the charge of discrimination filed with the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC"), Operating Services argues that this court does not have subject matter jurisdiction. Further, the only exception to this requirement, that the proposed defendants were part of a common discriminatory scheme, is absent. *Cronin v. Martindale Andres & Co.*, 159 F.Supp.2d 1 (E.D.Pa.2001)(identity of interest exception applies where plaintiff is not represented by counsel in connection with the administrative charge). In support, Operating Services submits affidavits explaining the interrelationship between itself and the proposed defendants. (D.I. 23, Exs. 10 & 11)

The United States Supreme Court has held that "[f]illing a timely charge of discrimination with the EEOC is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a statute of limitations, is subject to waiver, estoppel and equitable tolling." *Zipes v. Trans World Airlines Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). The Third Circuit has found that "equitable tolling may be appropriate if 1)

the defendant has actively misled the plaintiff; 2) if the plaintiff has in some extraordinary way been prevented from asserting his rights, or 3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum." *School Dist. of City of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir.1981).

Ordinarily, an individual cannot bring a Title VII action against a person or entity not named as respondent in the EEOC charge. 42 U.S.C. § 2003-5(f)(1). *Schafer v. Board of Public Educ. of the School Dist. of Pittsburgh, Pa.*, 903 F.2d 243, 251 (1990). The purpose of this requirement is "to give notice to the charged party and provide an avenue for voluntary compliance without resort to litigation." *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 888 (3d Cir.1977). The Third Circuit has created an exception "when the unnamed party received notice and when there is a shared commonality of interest with the named party." *Schafer*, 903 F.2d at 251. The court delineated four factors to consider in determining whether the district court had jurisdiction under Title VII:

1) whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; 2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Glus v. G.C. Murphy Co.*, 629 F.2d 248, 251 (3d Cir.1980), *vacated on other grounds*, 451 U.S. 935, 101 S.Ct. 2013, 68 L.Ed.2d 321 (1981).

Applying these standards, the court finds amendment is appropriate. The information regarding the proposed defendants was supplied during discovery and was not apparent at the filing of the administrative charge. (*See*, D.I. 17, Ex. A, B; D.I. 23, Ex. 10)

Although Operating Services strenuously argues that any relationship between itself and the proposed defendants is irrelevant to these proceedings, the court finds, at this stage of the proceedings, plaintiff is entitled to amend and pursue discovery regarding the parameters of the relationship. In so doing, the court is cognizant of the warnings against making factual determinations at this point in the case. *Site Microsurgical Systems v. Cooper Companies*, 797 F.Supp. 333; *Doe v. Sylvester*, C.A. No. 99–891, 2001 WL 1064810.

### B. Family Medical Leave Act

■ While the Family Medical Leave Act does not require a party to file an administrative complaint before bringing suit in court, it does mandate that the employee be employed by an employer with more than 50 employees within 75 miles of the work site. 29 U.S.C. § 2611(B)(ii). Even if the proposed defendants are added and their employees are counted with the 33 employed at Operating Services, Operating Services argues there are still less than the 50 required to bring suit. (D.I. 23, Ex. 10 & 11). Schwartz counters that the affidavits are inconclusive and discovery should be allowed. (D.I.28)

Considering that discovery regarding the nature of the relationship among Operating Services and the proposed defendants has been found appropriate and this might impart information relevant to the FMLA requirements, the court will allow this claim.

### IV. CONCLUSION

For the reasons stated, at Wilmington this 9th day of January, 2002;

IT IS ORDERED that plaintiff's motion to amend (D.I.17) is granted.