OPINION OF THE COURT
DIAMOND, District Judge.
David E. Jones appeals from the District Court’s grant of summary judgment, dismissing as time-barred his negligence action against the United States. For the reasons that follow, we will affirm.
I.
Because we write primarily for the Parties, we will recite only those facts pertinent to our analysis.
Jones, a Korean War veteran, had outpatient surgery to repair a protruding umbilical hernia on January 11, 2000 at the Wilmington Veterans Administration Medical Center (VAMC). (App.91.) He was admitted to the VAMC for observation after the surgery, and discharged the next day. (Id.) On January 13, 2000, Jones experienced severe complications. He was admitted to the VAMC emergency room and underwent exploratory abdominal surgery. (Id.) He remained in intensive care at the hospital until January 21, 2000. (Id.) After his discharge, Jones experienced additional post-operative complications. He underwent a third surgery at the VAMC in March 2001 to correct a ventral hernia. (Id.)
Jones contends that the VAMC performed the first two surgeries incompetently. He alleges that the procedures left him unable to perform his job as a truck driver, and that he experiences constant pain and has difficulty controlling his bowels.
Jones sought assistance from the Vietnam Veterans of America, a Congressionally-chartered organization that helps veterans prepare and file claims with the *438 federal government. Pursuant to a power of attorney, Vietnam Veterans sent a letter to the Department of Veterans Affairs on March 18, 2000, stating that Jones “wishes to open a claim for service connected disability for complications from operation received at Wilmington VA Hospital for hernia operation, and scars.” (App.25.) The letter did not include any allegations of negligence. On March 15, 2000, the VA responded in a letter that it was “working on [Jones’] claim,” but had not received Form 21-526, required from those seeking disability benefits. (App.28.)
Vietnam Veterans returned a completed, but unsigned, Form 21-526 to the VA on December 18, 2000. On that part of the form asking the applicant to state the “nature of sickness, disease or injuries for which this claim is made and date each began,” Jones wrote “s/c [service-connected] disability for complications from operation received at VAMC, Wilmington for hernia operation and scars.” (App.29.) In its January 16, 2001 letter, the VA acknowledged receiving Jones’ disability claim. (App.34.) Over the next year, the VA sent Jones a series of letters requesting more information, including the exact definition or nature of his disability, a signed Form 21-526, a list of physicians who treated him, and “evidence of current additional disability due to the [hernia] treatment.” (App.34, 37, 40, 41, 52.) Because Jones is illiterate, he was assisted by his daughter and the Vietnam Veterans. Because Jones failed to respond to many of the requests, the VA denied his application on March 22, 2002. (App.72-74.) The decision became final on March 22, 2003 when Jones failed to appeal.
Jones testified that he learned of his right to file a lawsuit under the Federal Tort Claims Act when he consulted a lawyer in May 2003. See 28 U.S.C. § 1346. With the help of the Veterans Assistance Program at Widener Law School, Jones wrote to the VA that he was now alleging medical malpractice and enclosed the required SF-95 form and a claim for money damages in a sum certain. (App. 63.) The VA received the form on June 2, 2003. Jones v. United States, 2008 WL 4952592, at *1-2, 2008 U.S. Dist. LEXIS 94469, at *5 (D.Del. Nov. 20, 2008).
Jones also continued to pursue disability benefits, moving to reopen his claim on August 19, 2003. (App.82.) He appealed the VA’s disability decision to the Board of Veterans’ Appeals, which on October 26, 2006 remanded to the VA for reconsideration. (App.138.) On September 24, 2007, the VA granted Jones’ claim, assigned him a sixty percent disability rating, and awarded him benefits retroactive to August 19, 2003. (App.158.)
On November 20, 2007, Jones brought the instant FTCA suit against the United States, alleging negligent medical practice, lack of informed consent, and battery. The Parties consented to have the case decided by a Magistrate Judge, who granted the Government’s motion for summary judgment, ruling that Jones’ action was time-barred. Jones, 2008 WL 4952592, at *5, 2008 U.S. Dist. LEXIS 94469, at *19.
II.
The District Court had subject-matter jurisdiction under the FTCA, 28 U.S.C. § 1346(b), and we exercise jurisdiction under 28 U.S.C. § 1291.
III.
We exercise plenary review over a District Court’s grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir.2001). Summary judgment is appropriate when the “pleadings, the discovery and disclosure materials on file, and any affidavits show that *439 there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.” Fed. R.Civ.P. 56(c); see also Celotex Corp. v. Catrett, 477U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).
IV.
An FTCA claim for negligence against the Government must be presented to the appropriate federal agency “within two years after such claim accrues.” 28 U.S.C. § 2401. The claim accrues “when a plaintiff knows of both the existence and the cause of his injury.” Miller v. Phila. Geriatric Center, 463 F.3d 266, 272 (3d Cir. 2006). The claim is “presented” (thus tolling the running of the limitations period) when an executed SF-95 and a claim for money damages in a sum certain are received by the government agency. 28 C.F.R. § 14.2.
Jones alleges that the first two surgeries — which took place in January 2000— were incompetently performed. Accordingly, the Government contends — as it did below — that Jones’ limitations period began to run in January 2000. See Miller, 463 F.3d at 271 (limitations period begins to run when cause of action accrues). Although the Magistrate Judge appeared to agree, treating Jones as generously as she could, she ruled that March 9, 2001 — the date of the third surgery — was the latest date that the limitations period could have begun to run. Jones, 2008 WL 4952592, at *2, 2008 U.S. Dist. LEXIS 94469 at *8. Thus she ruled that because Jones was obligated to present his negligence claim no later than March 9, 2003, the VA’s receipt of the claim on June 2, 2003 was outside the limitations period. Id. at *3-4, 2008 U.S. Dist. LEXIS 94469, at *13.
Jones concedes that he brought his claim more than two years after it accrued. As he did below, he contends here that his claim was not time-barred, however, because the running of the limitations period was equitably tolled.
Equitable tolling may apply to claims brought against the Government. See Irwin v. Dep’t of Veterans Affairs, 498 U.S. 89, 93-96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (because federal statutes of limitation are not jurisdictional, “the same re-buttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States”). In Hughes v. United States, we first held that in appropriate circumstances, equitable tolling could apply to claims brought under the FTCA. 263 F.3d 272, 278 (3d Cir.2001). We have recently re-affirmed that holding. Santos v. United States, 559 F.3d 189, 197 (3d Cir.2009) (“[W]e think that our holding in Hughes that there can be equitable tolling in suits under the FTCA remains good law ...”).
As we cautioned in Santos, however, “a plaintiff will not receive the benefit of equitable tolling unless she exercised due diligence in pursuing and preserving her claim” because “[t]he principles of equitable tolling ... do not extend to ‘garden-variety claims of excusable neglect.’ ” Santos, 559 F.3d at 197 (citing Irwin, 498 U.S. at 96, 111 S.Ct. 453). The “remedy of equitable tolling is extraordinary, and we will extend it only sparingly.” Hedges v. United States, 404 F.3d 744, 751 (3d Cir. 2005). We further noted in Santos that “it is especially appropriate to be restrictive with respect to extension of equitable tolling in cases involving the waiver of the sovereign immunity of the United States.” Santos, 559 F.3d at 197 (citing United States v. Kubrick, 444 U.S. 111, 117-19, 100 S.Ct. 352, 62 L.Ed.2d 259 (1979)).
Equitable tolling may apply to FTCA claims in three instances:
“(1) where the defendant has actively misled the plaintiff respecting the plain *440 tiffs cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.”
Hedges, 404 F.3d at 751 (internal citations omitted). Jones contends that he has met all three of these requirements. We do not agree.
In Jones’ view, the VA actively misled him by failing to advise him that he could pursue both a negligence action and a disability claim. He believes that the paperwork the VA sent him while investigating his disability claim “would lull any claimant into believing that his claim was adequately and appropriately being addressed.” (Appellant’s Br. at 16.)
The VA did not actively mislead Jones. To the contrary, the paperwork he acknowledges receiving indicates only that the VA sought to process Jones’ disability claim. Although the VA was obligated to “develop the facts pertinent to [Jones’] claim,” it was not required to advise Jones with respect to other legal remedies that might be available. See 38 C.F.R. § 3.103. In Hedges, we explicitly refused to hold that a government agency “has an affirmative duty to inform litigants, including pro se litigants, that they have viable judicial, as well as administrative remedies.” Hedges, 404 F.3d at 752. We explained that “we are unwilling to place such a responsibility on the Government which has inquiries from millions of individuals each year.” Id. Accordingly, Jones is not entitled to equitable tolling on this ground See also Lake v. Arnold, 232 F.3d 360, 367 (3d Cir.2000) (plaintiffs mental disability and illiteracy did not warrant equitable tolling).
Jones also argues that his case is similar to Santos, where we applied equitable tolling after finding that Mercy Santos — who was six years old when she was allegedly subjected to negligent care — had been prevented from asserting her rights in “some extraordinary way.” Santos, 559 F.3d at 203-04. The defendant agency in Santos was the York Health Corporation’s pediatric clinic. Id. at 190. Although Ms. Santos and her counsel pursued her negligence claim diligently, counsel — who researched publicly available clinic records— was unable to learn that because the clinic received federal funds, it was a federal entity for FTCA purposes. Id. at 200-01. Counsel thus erroneously believed that a longer limitations period applied to Ms. Santos’ claim when he belatedly filed her negligence claim in state court. Id. at 191. We found that in light of Ms. Santos’ tender years, and because information disclosing the clime’s federal status was “if not covert, ... at least oblique,” Ms. Santos had been prevented from asserting her rights in an extraordinary way, thus triggering equitable tolling. Id. at 202.
Jones’ effort to analogize his case to that of Ms. Santos is misplaced. As Jones well knew, the VAMC is a federal facility. Moreover, Jones was not diligent in pursuing his negligence claim. Rather, he waited almost three and a half years after sustaining injury to consult a lawyer. See Kubrick, 444 U.S. at 124 n. 10, 100 S.Ct. 352 (plaintiff did not exercise “all reasonable diligence” in pursuing his tort claim because “he sought no advice within two years [after his injury] as to whether he had been legally wronged”). The record does not show — and Jones does not suggest — that the VA prevented him from consulting with counsel sooner. See Hedges, 404 F.3d at 746, 752. Accordingly, his decision to wait until May 2003 to seek legal advice does not demonstrate the diligence necessary to make this an extraordinary case warranting the extension of equitable tolling.
Jones also appears to suggest that he mistakenly asserted his rights in the *441 wrong forum. He contends (without any further explanation) that he “did everything he could to prosecute his claim for malpractice yet ended up in the wrong forum.” (Appellant’s Br. at 18.) This is a puzzling remark, given that Jones brought his claims in the correct fora: (1) he properly sought disability benefits from the VA; (2) he properly (albeit belatedly) filed his SF-95 with the VA and later brought suit in the District Court. Accordingly, Jones cannot show that he raised “the precise statutory claim in issue but has mistakenly done so in the wrong forum.” School Dist. of City of Allentown v. Marshall, 657 F.2d 16, 20 (3d Cir.1981). Rather, he brought his FTCA claim in the correct forum after the claim was time-barred. Accordingly, the “wrong forum” equitable tolling requirement has not been met.
In sum, regardless of whether Jones was obligated to initiate his negligence claim by January 2002 or March 2003, it is evident that he acted outside the two-year limitations period. In the circumstances presented, we are constrained to conclude that Jones has presented a “garden-variety claim[] of excusable neglect,” not an extraordinary circumstance that warrants equitable tolling. Santos, 559 F.3d at 197 (citing Irwin, 498 U.S. at 96, 111 S.Ct. 453). Because Jones’ claim is thus time-barred, the Magistrate Judge correctly determined that the United States was “entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
V.
For the reasons discussed above, we will affirm the decision of the Magistrate Judge.