NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2640
_____

JOHN F. KOMOSA, JR.,
                              Appellant

v.

UNITED STATES POSTAL SERVICE
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 2-17-cv-00161)
District Judge: Honorable Mark R. Hornak
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
October 5, 2018

Before: SHWARTZ, SCIRICA, and ROTH, *Circuit Judges*

(Filed:  April 3, 2019)


_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

**SCIRICA**, *Circuit Judge*

John Komosa, a U.S. Postal Service employee, filed an Equal Employment Oportunity complaint alleging disability discrimination. Komosa received a final decision denying his claim. One year later, well outside the permitted statutory period, Komosa sued in federal court challenging the denial of his claim. Komosa argues his case should be saved from dismissal through application of equitable tolling, because of a timely filing he made with an agency not authorized to handle his administrative appeal, and because Komosa's attorney believed that the agency would forward the filing to the appropriate agency. The District Court rejected this argument, finding Komosa was not reasonably diligent as required to benefit from equitable tolling. We will affirm.

**I.**

John Komosa worked for the U.S. Postal Service (U.S.P.S.) in Pittsburgh as a mail carrier beginning in 1999. In 2013, Komosa suffered a stroke that, according to Komosa and his doctor, required him to avoid climbing steps, a limitation that U.S.P.S. initially accommodated. In 2015, Komosa began working under a new manager whose approach to Komosa's accommodation differed, leaving Komosa unable to continue working his previous routes. Komosa filed an Equal Employment Opportunity (E.E.O.) complaint making discrimination claims under the Rehabilitation Act. As a federal employee, Komosa was required to file his complaint with the Equal Employment Opportunity division of U.S.P.S., and he did so, filing both an informal complaint and a subsequent formal complaint that included an allegation of retaliation against Komosa following his

2

informal complaint. *See* 29 C.F.R. §§ 1614.103(b)(3), 1614.106(a).

On January 20, 2016, a Final Agency Decision ("FAD") was issued denying Komosa's claim and informing Komosa of his right to appeal. As the FAD explained, Komosa had two appeal options. First, Komosa could make an administrative appeal by sending, within thirty days of receipt of the FAD, an Equal Employment Opportunity Commission (EEOC) Appeal Form 573 to the EEOC's Office of Federal Operations (OFO) and proof that he had sent an additional copy to the National EEO Investigative Services Office (NEEOISO). Alternately, Komosa could file a civil action in federal court within 90 days of receipt of the FAD.

Komosa retained a lawyer to assist with the appeal of his FAD. Rather than following the appeal procedure laid out in the FAD, the lawyer filed a Charge of Discrimination and an accompanying cover letter with the Pittsburgh area office of the EEOC, dated February 16, 2016. [1] This would have been the appropriate process had Komosa been a private employee just beginning the process of filing an EEOC complaint. *See generally* 29 C.F.R. §§ 1600–99. The cover letter stated that Komosa "has already filed an internal EEO complaint with the USPS but has gotten no results." App. 152. Neither the letter nor the Charge of Discrimination made reference to the FAD, and neither document identified itself as an appeal of that outcome.

On February 19, 2016, the Pittsburgh area office of the EEOC issued a letter

---

[1]     It appears the reason for the lawyer's mistake was that, as she explained at argument on the motion to dismiss, the lawyer had "never filed an EEO appeal before." App. 84. The lawyer explained she "left this with [her] paralegal," "under the assumption [the paralegal] was going to follow everything properly." *Id.*

3

informing Komosa and his lawyer that, as a federal employee, Komosa could not file an EEO complaint with that office or through that procedure. The area office enclosed an informational pamphlet on the federal EEO complaint process, including appeal procedures. The lawyer then called the area office and spoke with an EEOC employee, who told her that he would send her filing to the correct office. Based on this conversation, the lawyer believed that the Charge of Discrimination she had filed would be forwarded to the OFO and that this would constitute a timely appeal of Komosa's FAD. Neither the lawyer nor Komosa subsequently contacted either the Pittsburgh area office or the OFO to determine the status of Komosa's prospective appeal.

On February 3, 2017, nearly a year later, Komosa filed a complaint in the United States District Court for the Western District of Pennsylvania. U.S.P.S. moved to dismiss the case as untimely, since it was filed more than 90 days after Komosa's receipt of the FAD. Komosa argued he was entitled to equitable tolling of the time limitation given the circumstances of his attempted appeal. Because both parties relied on facts outside the complaint in addressing Komosa's equitable tolling argument, the District Court, with notice to both parties, treated the motion to dismiss as a motion for summary judgment pursuant to Fed. R. Civ. P. 12(d). Following briefing and argument, the court granted the motion on July 11, 2017.

**II.**

The District Court had jurisdiction under 28 U.S.C. § 1331 and the Rehabilitation Act of 1973, 29 U.S.C. §701. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of a motion for summary judgment,

4

viewing the facts and all reasonable inferences in the light most favorable to Komosa. *See Norfolk S. Ry. v. Basell USA Inc.,* 512 F.3d 86, 91 (3d Cir. 2008). Summary judgment shall be granted where "there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

## III.

Komosa seeks equitable tolling of the period designated for appeal of the denial of his claim. We have identified three principal situations potentially justifying equitable tolling:

> (1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.

*Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994). In this case, all three circumstances are potentially at issue. In addition, Komosa must show he has satisfied "the obligation of the plaintiff to exercise due diligence to preserve his or her claim." *Robinson v. Dalton*, 107 F.3d 1018, 1023 (3d Cir. 1997). These criteria also apply where Komosa acted through his attorney. *Doherty v. Teamsters Pension Trust Fund of Philadelphia and Vicinity*, 16 F.3d 1386, 1394 (3d Cir. 1994). [2] Ultimately,

---

[2] There is a "narrow line of cases" in which attorney error or misconduct may justify equitable tolling. *Seitzinger v. Reading Hosp. & Med. Ctr*., 165 F.3d 236, 238 (3d Cir. 1999). The error must surpass "garden variety…excusable neglect" and the litigant must provide evidence of his own reasonable diligence, such as attempts to prod the neglectful lawyer, or to check on the status of the case independently. *Irwin v. Department of Veterans Affairs*, 498 U.S. 89, 96 (1990); *LaCava v. Kyler*, 398 F.3d 271, 277–78 (3d Cir. 2005). Here, we have no evidence that this is a case in which, for example, "a diligent client persistently questioned the lawyer as to whether he had filed

Komosa cannot benefit from equitable tolling because, by waiting a full year after the initial mistaken filing without taking any steps to correct or investigate the status of the attempted appeal, Komosa and his lawyer have failed to exercise reasonable diligence.

Komosa first raises his lawyer's phone call to the Pittsburgh area EEOC office, which led to her incorrect understanding that the employee she spoke with would take necessary steps to ensure Komosa's appeal was filed timely with the OFO. Komosa contends these circumstances implicate both the first two justifications for equitable tolling. We have established, though, that "one phone conversation with an EEO counselor does not rise to the level of being prevented in an 'extraordinary way,'" nor does it constitute active deception by the defendant U.S.P.S. *Robinson*, 107 F.3d at 1023; *see also Podobnik v. U.S. Postal Serv.*, 409 F.3d 584 (3d Cir. 2005) ("[A]ny errant advice Appellant may have received … did not rise to the level of an 'extraordinary' circumstance…"). Komosa compares his case to *Husick v. Allegheny County*, CIV.A.07-1175, 2009 WL 1743917 (W.D. Pa. June 18, 2009), in which the plaintiff mistakenly filed a charge of discrimination outside the statutory deadline because employees told him a later deadline on three separate occasions, and it appeared the office's employees were under a systematic misapprehension of the actual filing deadline. *Id.* at *9.

Here, by contrast, Komosa's lawyer's misunderstanding of what would be required arose from a single phone call, as in *Robinson* and *Podobnik*. Moreover, prior to the phone call, the area office's informative letter put the lawyer on notice that the

---

… in time" and could not obtain a meaningful and truthful reply, so the exception does not apply. *Seitzinger*, 165 F.3d at 237–38.

6

Pittsburgh area office was unable to handle Komosa's appeal, detailing precisely the process available to a federal employee like Komosa. Even if, as the lawyer believed, the Pittsburgh area office would forward her filing to the OFO, it would have been seriously lacking as an attempted appeal. The filing was titled "Charge of Discrimination," included no direct reference to an appeal, did not indicate why Komosa believed the initial FAD to be incorrect, and was not accompanied by proof that he had sent an additional copy to NEEOISO as required. The lawyer's single phone call with the Pittsburgh area office was not an "extraordinary circumstance," and she did not exercise reasonable diligence in verifying the information she received, or in acting to correct Komosa's filing even had that information been correct.

Komosa is closer to the mark in characterizing his February 16, 2016 letter and Charge of Discrimination as a timely filing in the wrong forum, as required by the third potential justification for equitable tolling. By filing a Charge of Discrimination, Komosa got further than the plaintiff in *Podobnik*, whose actions did not constitute timely filing in the wrong forum when he visited the EEOC office, but never completed an intake form or any other written filing. *Podobnik*, 409 F.3d at 592-93. Nor is it an obstacle that Komosa's attorney rather than Komosa himself made the relevant mistake, since this justification "comprehends mistakes by law firms as well as lawyers on behalf of the party." *Doherty*, 16 F.3d at 1394. Still, we have held that not every "poor choice by a lawyer or law firm that lands a party in the wrong forum merits equitable tolling": further equitable justification is still required. *Id.* Moreover, given that Komosa's filing identifies itself as a charge of discrimination rather than an appeal of the FAD, it is not clear that it

7

raises "the precise statutory claim in issue." *Id.* at 1393 (quoting *School Dist. of Allentown v. Marshall*, 657 F.2d 16, 20 (3d Cir. 1981)).

In the end, Komosa cannot benefit from equitable tolling because his failure, through his attorney, to exercise reasonable diligence in the period after his incorrect filing decides the issue. Komosa's attorney was on notice that Komosa's appeal had arrived at the wrong office, and even if the lawyer expected that it would be redirected, reasonable diligence required some form of follow-up to ensure that had occurred. Equitable tolling must be invoked "sparingly," and "[t]he plaintiff who fails to exercise … reasonable diligence may lose the benefit" of the doctrine. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002); *Oshiver*, 38 F.3d at 1390. We will not apply it here.

Komosa, as represented by his attorney, did not exercise reasonable diligence in pursuing his claim. Unfortunately for Komosa, an attorney's errors are chargeable to the client barring exceptional circumstances. Komosa's opportunity to pursue his claim is therefore foreclosed.

## IV.

For the foregoing reasons, we will affirm.